Smith *v.* Wood.

———————◆———————

FRANCIS O. J. SMITH *versus* JOHN M. WOOD *& als.*

Where a writ was duly served and returned into Court, but erroneously entered upon the docket, in the name of the plaintiff in interest, to which the defendants answered, the Court, at a subsequent term, may, under the provisions of § 10, c. 82, R. S., permit the docket entry to be corrected, so that it will conform to the writ, upon such conditions, as will save the rights of the defendants to file any plea or motion required to be filed at the first term.

EXCEPTIONS from the rulings of DAVIS, J.

From the bill of exceptions, it appears that, in 1858, an action was commenced and entered against these defendants in the name of John G. Myers, by said Smith, in which the defendants seasonably filed a motion calling for the appearance of the plaintiff Myers, and denying the right of Smith to prosecute the action in the name of said Myers. Afterwards Smith discontinued that suit, and commenced another for the same cause, against the same defendants, in the name of said Myers, returnable at January term, 1859.

This writ was duly served. By the mistake of Smith, in

making his list of entries for the clerk, no action was entered except one of "*Francis O. J. Smith* v. *John M. Wood & als.*"

It so remained on the docket, counsel having appeared specially for the defendants. At October term, said Smith filed his motion to amend the docket entries by striking out the name of Francis O. J. Smith, and inserting, instead, the name of John G. Myers, alleging the entry to have been erroneously made upon the docket originally, and not in conformity with the writ returned to the files of the Court at the term of said entry originally, and which has ever since so remained on said files; that the defendants and their counsel had full knowledge of the action and parties designed to be represented by said erroneous entry on the docket.

Upon this motion the presiding Judge would have permitted the amendment prayed for, on condition that Smith would have consented that defendants might file whatever pleas and motions they could have filed the first day of the term when the case was entered, which consent said Smith offered to give. But the presiding Judge was of opinion, that such an amendment would be equivalent to allowing an action returnable at the January term, 1859, but not entered at all, to be entered at this term; and that he had no discretionary authority to allow such an amendment. He therefore ruled, as a matter of law, that such an amendment could not be allowed, and denied the motion.

To which ruling said Smith excepted.

*F. O. J. Smith,* in support of the exceptions.

*E. & F. Fox, contra.*

The opinion of the Court was drawn up by

TENNEY, C. J. — The question before the Court in this matter is, whether the motion filed for leave to allow Francis O. J. Smith to substitute upon the docket, the name of John G. Myers for his own, the action having been commenced in the name of the latter, for his benefit, and having stood in the name of the former, from the time of the entry, at January

term, 1859, till October term, next following, when this motion was filed.

At the time of the filing of the motion, the mover consented that the defendants might file whatever pleas, or motions they could have filed the first day of the term at which the action was entered. But the presiding Judge, holding that the amendment prayed for, would be equivalent to the allowing an action returnable at the January term, 1859, but not entered at all, to be entered at the term, when the motion was filed, and that he had no discretionary authority to allow such amendment, though he would have granted the prayer of the mover, if he had believed the legal power existed to have done so, overruled the motion.

If the alteration upon the docket, which was the subject of the motion, was within the authority of the Court, in the exercise of its discretion, according to the case, the plaintiff in interest has been aggrieved by the ruling, and exceptions lie.

The action was brought in the name of John G. Myers and the writ duly served. The action was not forgotten, as the list of Mr. Smith was made out and handed to the clerk, on which was the action, supposed to be the one, which is now before us on the motion. Knowing that he was the plaintiff in interest, it did not occur to him that Myers was the plaintiff in name. We think the case essentially different from that where no entry at all was made. Every thing is done touching the entry, as was required, excepting that, by a clerical error, the plaintiff's name was erroneously given to the clerk. It is no uncommon occurrence that, at the time of the trial of an action, it is found that the name of a party is erroneous, and, the writ showing such fact, leave is granted to make the correction on the docket, though the error has continued from the time of the entry, for several successive terms. The amendment prayed for, we think, falls within the spirit of § 10 of c. 82, of R. S., so far, that the Court had the authority to allow it, as an act of discretion, on the terms proposed by the moving party.      *Exceptions sustained.*

APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.